**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BRIAN COLLIER,** | : | **Case No. 1:05 cv 2908** |
| | : | |
| Petitioner, | : | **JUDGE KATHLEEN O'MALLEY** |
| | : | |
| v. | : | |
| | : | |
| **JIM PETRO,** *et al.*, | : | <u>ORDER</u> |
| | : | |
| **Defendants.** | : | |

This matter arises upon a Petition for habeas corpus relief filed by Brian Collier ("Collier"). Jurisdiction has not been specified in the Petition, but is invoked by the Court pursuant to 28 U.S.C. §2254.

Collier alleges he is entitled to a Writ of Habeas Corpus because he is a "person subject to unlawful interference with the custody rights" over his minor child. He seeks relief from a judgment of the Ohio Supreme Court, which upheld decisions issued by the Wayne County Juvenile Court and the Ninth District Court of Appeals - both granting visitation rights to the maternal grandparents of Collier's minor child. Collier alleges that the judgment of the Ohio Supreme Court is incompatible with the requirements of the federal Constitution because it is "contrary to clearly established federal law that parents have a liberty interest in the custody of their children" and, therefore, "violates Petitioner's right to due process and to liberty."

Collier originally filed his Petition against Jim Petro ("Respondent Petro"), Attorney General for the State of Ohio, as well as the Wayne County Common Pleas Court, Juvenile Division. The action was filed against Respondent Petro pursuant to Habeas Corpus Rule 2(b) - applicable to Section 2254 cases - which states that a petitioner attacking a state court judgment involving "future custody" should name as a respondent the attorney general of the state where the judgment was entered. Upon the Motion of Respondent Petro, however, the Wayne County Sheriff was substituted for the Attorney General as the Respondent in this case.

Pending now is the Wayne County Sheriff's Motion to Dismiss (Doc. No. 14). Collier has not filed an opposition to the Motion to Dismiss, which was filed on August 18, 2006. For the reasons set out below, the *unopposed* Motion is **GRANTED**.

**I.     BACKGROUND**

According to the Petition filed by Collier, on July 28, 1997, Collier became the biological father of a child with a woman he had been dating. Pursuant to a custody agreement, the biological mother of the child was designated the residential parent and Collier was designated the non-residential parent. Prior to her pregnancy, however, the biological mother was diagnosed with cancer. Following the birth of the child, and until she passed away approximately two years later, the biological mother lived with the minor child in the home of the child's maternal grandparents.

Following the death of the biological mother, Collier became embroiled in a state court dispute over custody and visitation rights to the child. Collier was eventually awarded custody of the minor child, with visitation rights granted to the maternal grandparents. During an appeals process initiated by Collier to revoke the maternal grandparents' visitation rights, Collier refused to allow visitation as ordered by the state court, was found to be in contempt of a state court order, and was sentenced to thirty days in the Wayne County jail. Collier began serving his sentence, but was released for good

cause after serving four days of his thirty-day sentence. He was subsequently cited for contempt after violating the visitation order a second time, and was sentenced to an additional twenty-six days in jail. Collier never served this additional time because the twenty-six day sentence was stayed, and the Motion underlying the second contempt order was eventually dismissed.

Since Collier was granted custody in approximately July, 2002, the minor child has remained in his custody. During that time, however, an appeal was pending with the Ohio Supreme Court with respect to the ongoing visitation rights of the maternal grandparents. In or around 2005, the Ohio Supreme Court issued its decision. That court held that grandparents can obtain court-ordered visitation of their grandchild in limited circumstances. It, therefore, affirmed the decisions of the lower state courts granting the maternal grandparents the right to visit Collier's daughter.

In the case before this Court, Collier is <u>not</u> challenging his prior detention in the Wayne County jail - which arose by virtue of the contempt order and thirty-day sentence issued during the juvenile court proceedings. Rather, as grounds for his habeas request, he claims that he is "subject to future custody." Although not mentioned in the Petition, this - at best - purportedly refers to the second contempt order issued by the state court in August of 2003 sentencing Collier to serve an additional twenty-six days in the Wayne County jail; a sentence which was never served, and has since been dismissed.

A review of the entire Petition, however, indicates that what Collier is actually seeking by way of his habeas request is to have this Court overturn the decision of the Ohio Supreme Court, and rule that maternal grandparents may not be allowed visitation rights to their grandchildren. Specifically, Collier asks this Court to "issue a Writ of Habeas Corpus directing that Petitioner's minor child shall have no visitation with her maternal grandparents ..."

In its Motion to Dismiss, the Wayne County Sheriff argues that Collier's Petition is merely an

attempt to re-litigate the underlying state court case. As support for this argument, the Wayne County Sheriff points to the fact that the entire Petition focuses on the appropriateness of the Ohio Supreme Court's decision to allow grandparent visitation of Collier's minor child. The Wayne County Sheriff notes that Collier does <u>not</u> challenge his prior custody, and is <u>not</u> currently in the custody of the Wayne County Sheriff. It is asserted, therefore, that there is no "custody" at issue here for purposes of a federal habeas corpus action.

It, indeed, appears to the Court from the Petition that Collier points only to the future custody of his minor child during visitation by the maternal grandparents as grounds for habeas relief under the "future custody" provision of 28 U.S.C. §2254. The issue for this Court, therefore, becomes whether "custody" of a child during court-ordered visitation by the child's maternal grandparents is the type of "custody" a habeas corpus action addresses. The Wayne County Sheriff argues it is not, and that dismissal is appropriate because Collier has not identified any issues relating to a form of custody for which habeas relief is available.

## II.  STANDARD OF REVIEW

The Wayne County Sheriff has filed its Motion to Dismiss pursuant to Civil Rules 12(b)(1) and 12(b)(6), and Habeas Rule 11 - claiming that this Court lacks jurisdiction over the subject matter, and that the Petition fails to state a claim upon which relief can be granted.

There are two general categories into which Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction fall: facial attacks and factual attacks. Fed. R. Civ. P. 12(b)(1); *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994), *cert. denied*, 513 U.S. 868 (1994). A facial attack challenges the sufficiency of the pleading itself. On such a motion, the Court must take all of the material allegations in the complaint as true and construe them in the light most favorable to the nonmoving

party. *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974)).[1] In contrast, a factual attack, as is made here, challenges the factual existence of subject matter jurisdiction. On this form of motion, the Court's inquiry is limited to determining whether the challenged pleadings set forth allegations sufficient to show the Court that it has jurisdiction over the subject matter; "no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (internal citations omitted); *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1135 (6th Cir. 1996).

In reviewing a factual challenge to the existence of subject matter jurisdiction, a district court is to probe the facts and assess the validity of its own jurisdiction. In doing so, the Court has wide discretion to consider affidavits and documents outside the complaint, and may even conduct a limited evidentiary hearing if necessary. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). In connection with this analysis, the plaintiff bears the burden of demonstrating that the Court has and may appropriately exercise jurisdiction over the subject matter. *RMI Titanium Co.*, 78 F.3d at 1134. The Court may examine evidence of its power to hear a case, and must make any factual findings to determine whether it has jurisdiction. *Kroll v. United States*, 58 F.3d 1087, 1090 (6th Cir. 1995); *Rogers v. Stratton Inds., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). The Court's examination of this

---

[1] Similarly, in deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the Court must take the allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. Fed. R. Civ. P. 12(b)(6); *Summit Health, Ltd. v. Pinhas*, 111 S.Ct. 1842, 1845 (1991); *Dana Corporation v. Blue Cross & Blue Shield*, 900 F.2d 882 (6th Cir. 1990); *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 489 (6th Cir. 1990). The Court need not accept as true, however, a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Court is to dismiss the complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

evidence does not convert a 12(b)(1) motion into a Rule 56 motion. *Rogers*, 798 F.2d at 915.

**II.     DISCUSSION**

For purposes of the Wayne County Sheriff's Motion to Dismiss, the primary issue before the Court with respect to the Court's subject matter jurisdiction is whether habeas relief is available to a Petitioner in child visitation cases. The Court concludes that it is not; therefore, dismissal is warranted.

The Court's review of Collier's Petition for a Writ of Habeas Corpus is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), codified at 28 U.S.C. § 2254(d). In relevant part, the AEDPA provides that:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim - -
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*See* 28 U.S.C. § 2254(d).

A state-court decision is considered contrary to federal law "if the state court arrives at a conclusion opposite to that reached by the [Supreme] Court on a question of law, or if the state court decides a case differently than the [Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). The application of federal law is unreasonable where "the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*  When assessing unreasonableness, "a federal habeas court may not issue a writ simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law

erroneously or incorrectly.  Rather, that application must also be unreasonable." *Id.* at 411.

In Collier's Petition, he argues that the Ohio Supreme Court erroneously concluded that the visitation and state statute at issue in the decision of the United States Supreme Court in *Troxel v. Granville*, 530 U.S. 57 (2000), was distinguishable from the visitation issues and state statute presented in Collier's petition and, therefore, of no legal significance.[2]  Collier's Petition contends that *Troxel* is, in fact, not at all distinguishable from his custody case, and is binding on Ohio's non-parental visitation statutes.  He reads the Ohio Supreme Court's decision upholding the grandparent visitation order in his child custody case as inconsistent with the Supreme Court's earlier determination that parents have certain constitutional rights regarding decisions that affect the care, custody, and control of their children.

This Court, however, need not - and cannot - review or pass judgment on the substantive merits of Collier's claims.  The United States Supreme Court has unequivocally held that "federal habeas has never been available to challenge parental rights or child custody."  *Lehman v. Lycoming Cty. Children's Servs. Agency*, 458 U.S. 502, 511 (1982)(additionally noting that "past decisions have limited the writ's availability to challenges to state-court judgments in situations where - as a result of a state-court criminal conviction - a petitioner has suffered substantial restraints not shared by the public generally.").  In *Lehman*, the Supreme Court found - based on a reading of the word "custody" as it appears in the habeas statute - that a federal court was without jurisdiction under 28 U.S.C. § 2254 to

---

[2]    At issue in *Troxel* was the State of Washington's non-parental visitation statute, which allowed "any person" to request visitation as long as it served the child's best interest.  *Troxel*, 530 U.S. at 67.  The Court noted that state statutes which allow grandparent visitation over parental objections "can present questions of constitutional import," and that Washington's statute was clearly facially overbroad.  Notwithstanding the sweeping breadth of the statute, however, it was held that the statute - ***as applied*** - "unconstitutionally infringed on [a] fundamental parental right." *Id.* at 65-68.

review a state court judgment involuntarily terminating parental rights:

> [A]lthough the children have been placed in foster homes pursuant to an order of a Pennsylvania court, they are not in the "custody" of the State in the same sense in which that term has been used by this Court in determining the availability of the writ of habeas corpus.

*Lehman*, 458 U.S. at 510.

As pointed out by the Wayne County Sheriff, in this case no one is "in custody" for purposes of habeas relief, and Collier has not raised any issue involving his prior imprisonment and custody on the contempt finding.  Nor is this even a child custody issue between two claimants, where - as some state courts have found - a habeas petition to apportion custody between the two claimants could be appropriate following the establishment of a right to custody by the claimants.  Indeed, Collier has conceded he has full custody rights.

This is simply a visitation rights issue; one in which Collier is seeking to strike down Ohio's non-parental visitation statute and overturn the Ohio Supreme Court decision in his state-court child visitation battle by way of a habeas Petition.[3]  Collier is forbidden from doing so; however, because district courts clearly lack jurisdiction over state court child custody decisions.  *See Evans v. Klaeger*, 12 Fed. Appx. 326 (6th Cir. (Ohio) 2001); *see also Ankenbrandt v. Richards*, 504 U.S. 689 (1992).  The

---

[3]  For example, at page 15 of his Petition for Writ of Habeas Corpus, Collier claims that "[w]hen considering the clear language in *Troxel*, as well as the opinions of many Ohio courts, along with the decisions of Supreme Courts of other states, it is evident that the Ohio Supreme Court should have struck down Ohio's non-parental visitation statutes."  He further contends, at page 16 of his Petition, that "[n]othing in the Ohio Revised Code provides for any deference to the parent when a grandparent seeks visitation under current statute * * * [b]ased upon the decision in *Troxel*, R.C. 3109.11 and R.C. 3109.12 are unconstitutional infringements upon a parent's right to determine the care, custody and control of their children."  Finally, at page 24 of the Petition, Collier argues that "[t]he legal theories advanced by the majority of the Ohio Supreme Court are devoid of jurisprudential merit and have no legitimate basis in law * * * [h]abeas corpus relief must therefore be granted."

United States Supreme Court long ago provided that, in child custody cases brought pursuant to a writ of habeas corpus, the right of control and possession of a child "is one in regard to which neither the Congress, or the United States, nor any authority of the United States has any special jurisdiction . . . [t]he whole subject of the parent and child belongs to the laws of the State and not to the laws of the United States." *In re: Burrus*, 136 U.S. 586, 593-94 (1890).

This reasoning can likewise be found in a recent decision of the Sixth Circuit Court of Appeals. In *Jacobson v. Summit Cty. Children Serv's. Bd.*, 2006 WL 3039795 (6th Cir. (Ohio), Oct. 25, 2006), where the biological mother of a minor child filed a writ of habeas corpus seeking the release of her child from the permanent custody of the state, the Sixth Circuit affirmed the Northern District of Ohio's grant of summary judgment in favor of the state on grounds that habeas relief was not available to the biological mother. The court agreed that "the scope of habeas relief has been expanded since the time of the Founders," but noted that "none of these expansions was meant to encroach on the area of state child custody determinations." *Id.* at *2.

In Collier's case, he has come to the wrong tribunal. Simply put, habeas corpus "is not and never was a post-conviction remedy for the review of errors or irregularities . . . or for a retrial." *Walker v.* Maxwell, 1 Ohio St. 2d 136 (1965).[4]

---

[4] There is a separate basis for the Court's holding in this case. The Court finds that Collier's petition falls squarely within the parameters of the *Rooker-Feldman* doctrine. The United States Supreme Court recently addressed this doctrine in *Lance v. Davis*, 126 S.Ct. 1198 (2006), where it explained:

This Court is vested, under 28 U.S.C. § 1257, with jurisdiction over appeals from final state-court judgments. We have held that this grant of jurisdiction is exclusive: "Review of such judgments may be had *only* in this Court." Accordingly, under what has come to be known as the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments. The *Rooker-Feldman* doctrine takes its name from the only two cases in which we have applied this rule to find that a federal district court lacked jurisdiction. In *Rooker,* a party who had lost in the Indiana Supreme

Court, and failed to obtain review in this Court, filed an action in federal district court challenging the constitutionality of the state-court judgment. We viewed the action as tantamount to an appeal of the Indiana Supreme Court decision, over which *only* this Court had jurisdiction, and said that the "aggrieved litigant cannot be permitted to do indirectly what he no longer can do directly." *Feldman,* decided 60 years later, concerned slightly different circumstances, with similar results. The plaintiffs there had been refused admission to the District of Columbia bar by the District of Columbia Court of Appeals, and sought review of these decisions in federal district court. Our decision held that to the extent plaintiffs challenged the Court of Appeals decisions themselves - as opposed to the bar admission rules promulgated nonjudicially by the Court of Appeals - their sole avenue of review was with this Court.

\* \* \*

In *Exxon Mobil,* decided last Term, we warned that the lower courts have at times extended *Rooker-Feldman* "far beyond the contours of the *Rooker* and *Feldman* cases, overriding Congress' conferral of federal-court jurisdiction concurrent with jurisdiction exercised by state courts, and superseding the ordinary application of preclusion law pursuant to 28 U.S.C. § 1738." *Rooker-Feldman*, we explained, is a narrow doctrine, confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."

*Lance*, 126 S.Ct. at 1200-02(internal citations omitted). As discussed earlier, Collier's Petition for habeas review is - on its face - a request for review and rejection of an Ohio Supreme Court decision submitted by the losing party in a state-court child custody and visitation dispute. This type of review of a final state-court judgment is precisely the situation envisioned by the United States Supreme Court in establishing the *Rooker-Feldman* doctrine. Indeed, Collier's statement that the judgment of the Ohio Supreme Court is "incompatible with the requirements of the federal Constitution" because it is "contrary to clearly established federal law that parents have a liberty interest in the custody of their children" and, therefore, "violates Petitioner's right to due process and to liberty" makes it clear that <u>only</u> the United States Supreme Court has jurisdiction to hear what is - in essence - his appeal of a final state-court judgment.

III.     CONCLUSION

In light of the foregoing, it is

ORDERED THAT the Wayne County Sheriff's *unopposed* Motion to Dismiss (Doc. No. 14) is **GRANTED**.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: January 8, 2007**